**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CONNOR CROWELL, on behalf of himself and all similarly situated employees,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 3:21-cv-00517** |
| **M STREET ENTERTAINMENT, LLC; KAYNE PRIME, LLC; MOTO, LLC; 1120, LLC d/b/a SAINT AÑEJO; LIME, LLC d/b/a TAVERN MIDTOWN; VIRAGO, LLC; and WK, LLC d/b/a WHISKEY KITCHEN,** | ) ) ) ) ) ) ) ) | **Judge Aleta A. Trauger** |
| **Defendants.** | ) ) | |

## MEMORANDUM and ORDER

Among the many motions now pending in this case, the court addresses herein the defendants' Motion to Join ADP as a Required Party or Alternatively Be Granted Leave to Bring a Third-Party Complaint Against ADP, under either Rule 19 or Rule 14 of the Federal Rules of Civil Procedure. (Doc. No. 157.) This motion will be denied.

## I.      BACKGROUND

Plaintiff Connor Crowell filed this collective action on behalf of himself and others similarly situated, on July 7, 2021. (Doc. No. 1.) He asserts claims under the Fair Labor Standards Act ("FLSA") based on allegations that the defendants (collectively referred to herein, in the singular, as "M Street") failed to pay him minimum wages and overtime pay as required by the FLSA.

M Street alleges now that, at basically all times relevant to the FLSA Complaint, it was in a contractual relationship with ADP, Inc. ("ADP"), pursuant to which ADP was to perform payroll processing services, including the computation of overtime pay. (*See* Doc. No. 158.) M Street claims that it did not learn until after this lawsuit was filed that ADP had made significant errors in the calculation of overtime compensation for M Street's employees. It claims to have discovered "the extent of the ADP overtime issues" during the course of "engaging in the discovery process [in this case] over the past few months" just prior to the filing of the Motion to Join. (*Id.* at 2.) M Street "now believe[s] it is necessary to bring ADP into this lawsuit," based on its conclusion that ADP "did not always calculate overtime" for M Street's employees "at the proper rate." (*Id.*) As set forth in the proposed Third-Party Complaint, M Street proposes to assert breach of contract and negligence claims against ADP, based on its failure to properly calculate overtime wages. (Doc. No. 157-1, at 6, 7.) It does not expressly assert claims for indemnity or contribution.

The plaintiffs oppose the Motion to Join, arguing both that ADP does not qualify as a necessary party, for purposes of joinder under Rule 19, and that M Street has not shown, for purposes of Rule 14, that ADP is not a "a nonparty who is or may be liable to [M Street] for all or part of the claim against [M Street]." Fed. R. Civ. P. 14(a)(1).

## II.     MOTION FOR JOINDER UNDER RULE 19

### A.     Legal Standard

Rule 19 provides that

[a] person who is subject to service of process . . . must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The moving party bears the burden of showing that a party is necessary for purposes of Rule 19(a). *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 883 (S.D. Ohio 2020) (citation omitted). It may "satisfy this burden through the production of affidavits or other relevant extra-pleading evidence." *Id.* (quoting *Reilly v. Meffe*, 6 F. Supp. 3d 760, 774 (S.D. Ohio 2014)). If the court determines that a party is not "necessary" under Rule 19(a), "joinder, as well as further analysis, is unnecessary." *Local 670 v. Int'l Union*, 822 F.2d 613, 618 (6th Cir. 1987).

## B.    Application of Rule 19 to the Facts

M Street argues under Rule 19(a)(1)(A) that ADP is a necessary party, without which the court "cannot accord complete relief among the existing parties." In support of this argument, it asserts that the parties will need to "issue dozens of subpoenas to obtain necessary information to determine ADP's responsibility related to the claims and defense in this lawsuit." (Doc. No. 158, at 4.)

The court is not persuaded. ADP's current role in this case is that of an entity with discoverable documents relating to the plaintiffs' overtime pay claims, which does not make it a necessary party. *Accord HDR Eng'g, Inc. v. R.C.T. Eng'g, Inc.*, No. 08-81040-CIV, 2010 WL 2402908, at *3 (S.D. Fla. June 15, 2010) ("[T]he fact that a nonparty holds evidence germane to the outcome of a case does not mean that it should be joined." (citing *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 187–89 (2d Cir. 1999); *Costello Publ'g Co. v. Rotelle*, 670 F.2d 1035, 1043–44 (D.C. Cir. 1981)).

M Street also claims that ADP is a necessary party under Rule 19(a)(1)(B). To establish that a nonparty is necessary under this subdivision of the rule, the moving party must first show that the nonparty "claims an interest relating to the subject of the action." *Id.* It is only if that question is answered in the affirmative here that the court needs to decide whether resolving the case in ADP's absence would either impair or impede its ability to protect that interest or subject M Street to the "risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B); *see also Cypress Creek Equine, LLC v. N. Am. Specialty Ins. Co.*, No. 5:22-cv-00095-GFVT, 2023 WL 98594, at *3 (E.D. Ky. Jan. 4, 2023) (finding "further analysis" under Rule 19(a)(1)(B) "unnecessary" where the defendant had not shown that the nonparty "claim[ed] an interest" relating to the subject of the litigation). "[S]ome courts require that the absent party affirmatively assert an interest in the subject matter of the litigation" in order to "claim[] an interest," while others "simply require that the absent party have a legal interest in the subject matter." *Cypress Creek Equine*, 2023 WL 98594, at *2 (E.D. Ky. Jan. 4, 2023) (citations omitted). The Sixth Circuit has not directly considered this issue, but M Street fails to show that ADP claims an interest under either test.

M Street, in fact, does not directly consider the question of *ADP*'s interest at all, instead jumping straight to arguments that M Street might be subject to inconsistent obligations if ADP is not joined. It contends that, without the joinder of ADP, M Street will "have to bring a separate proceeding to pursue its contractual rights under its agreement with ADP." (*Id.* at 5.) That argument, however, while it might support M Street's assertion that it should be permitted to file a third-party complaint against ADP, says nothing about *ADP's* interest in the subject of *this* lawsuit and, therefore, has no bearing on whether ADP should be joined as a defendant. Moreover, M Street does not explain how it risks inconsistent obligations. As the plaintiffs point out, M Street

contracted with ADP for the provision of payroll services, but it did not thereby delegate any of its responsibilities for compliance with the FLSA to ADP. There are no allegations in the original Complaint or FAC suggesting that ADP may be deemed an "employer" under the FLSA, and there is no dispute that M Street at all times remained obligated to pay its employees in accordance with the FLSA. Whether ADP may be liable to M Street for negligence or breach of contract in no way affects M Street's potential liability to the plaintiffs in this case or the amount for which it might be found liable.

Likewise, insofar as M Street insists that the court's findings in this lawsuit could "impact ADP's liability and exposure to Defendants," M Street's ultimate liability to the plaintiffs in this case is based on whether *M Street* violated the FLSA, not on whether ADP breached some obligation to M Street. ADP has no interest relating to the plaintiffs' FLSA claims, because it was not an employer of any of the plaintiffs and, therefore, has no liability under the FLSA. ADP's potential liability (if any) is dependent wholly on the terms of the contract between M Street and ADP. A finding that M Street is liable under the FLSA would not lead ineluctably to a conclusion that ADP is liable to it in any amount.

M Street cites several cases for the proposition that "[p]arties to a contract are [required and] indispensable when a suit *concerns the rights and obligations afforded by the contract.*" (Doc. No. 158, at 5 (quoting *HDR Eng'g.*, 2010 WL 2402908, at *2; *Solfisburg v. Glenco, Inc.*, No. 18-cv-10266-IT, 2019 WL 4770951, at *5 (D. Mass Sept. 30, 2019)) (emphasis added by M Street).) Both of those cases, however, involved motions to join parties that actually were signatories to a contract. The courts still denied the motions for joinder under Rule 19, finding that the mere fact that the nonparties were contract signatories did not make them necessary parties. *See Solfisburg*, 2019 WL 4770951, at *5 ("The court is not persuaded by Defendant's assertion that parties to a

contract are necessary parties for the very fact that they are signatories to the contract. . . . The suit here does not affect [nonparty] Sandcastle's rights and obligations under the contract and only relate to [the defendants'] alleged tortious conduct. To resolve whether Defendants before the court tortiously harmed Plaintiff, the court does not need to impair or impede any rights Sandcastle might have under the contract."); *HDR Eng'g*, 2010 WL 2402908, at *2 (finding that, while the nonparty sought to be joined had signed *a* contract, it was not a party to the two contracts at issue in the existing litigation). Here, while M Street and ADP are (or were) in a contractual relationship, there has been no showing that the plaintiffs were parties to, or even third-party beneficiaries of, that contract or, more importantly, that ADP played a role in the employment relationship between M Street and the employee-plaintiffs.

The court finds, in sum, that ADP is not a necessary party because (1) the court can accord complete relief among the existing parties and (2) ADP does not claim an interest relating to the plaintiff's FLSA claims. Fed. R. Civ. P. 19(a)(1)(A) & (B). The Motion to Join under Rule 19 will be denied.

## III.  RULE 14 MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

### A.  Legal Standard

Rule 14 provides that a third-party plaintiff must obtain the court's leave to file a third-party complaint more than fourteen days after serving its original answer. Fed. R. Civ. P. 14(a)(1). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008). A motion for leave to file a third-party complaint is a matter addressed to the discretion of the trial court. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960). "[T]he timeliness of the motion is an urgent factor governing the exercise of such

discretion," *id.*, as well as whether the third-party complaint "would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Scalia v. MICA Contracting, LLC*, No. 1:18-CV-590, 2019 WL 6711616, at *1 (S.D. Ohio Dec. 10, 2019) (citation omitted), *report and recommendation adopted*, No. 1:18CV590, 2020 WL 635908 (S.D. Ohio Feb. 11, 2020). Generally, however, leave to file a third-party complaint should be freely granted. *Id.*

It is broadly recognized that "[a] third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1446 (3d ed.)). Indemnity and other forms of secondary or derivative liability are "central" to third-party practice under Rule 14. *Id.* "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." *Id.*

### B. Application to the Facts

In the proposed Third-Party Complaint Against ADP, Inc., M Street alleges that, in its contract with ADP to provide payroll services for its employees, ADP specifically undertook to design services to "assist [M Street] in complying with its legal and regulatory requirements applicable" to such payroll services, that ADP was "responsible for the accuracy of such design," and that ADP "failed to provide payroll services in a manner that assisted M Street in complying with applicable wage and hour laws," specifically by "fail[ing] to use the proper rate for overtime compensation." (Doc. No. 157-1 ¶¶ 17, 24.) Based on these failures, M Street asserts claims against ADP for breach of contract, negligence, and gross negligence. Although it seeks damages "caused by ADP's breaches of contract and negligence in an amount to be determined at trial," it does not expressly link its purported damages to the amount for which M Street may be liable to the plaintiffs under the FLSA. In arguing in support of its request to file the Third-Party Complaint

against ADP, however, it asserts that impleading ADP in this case is proper, because, "[i]f Plaintiffs' allegations are true and Defendants are liable to Plaintiffs concerning the overtime payment claims, then ADP would be liable to Defendants for ADP's breach of contract and negligence in calculating overtime rates." (Doc. No. 158, at 7.) In other words, M Street's claims are, in essence, claims for indemnification or contribution.

Under ordinary circumstances, this type of claim is an appropriate basis for a third-party complaint. In the present context, however, the court finds that permitting M Street to bring a third-party complaint against ADP would amount to "foster[ing] an obviously unmeritorious claim." *Scalia*, 2019 WL 6711616, at \*1. That is because, "[a]lthough the Sixth Circuit has not addressed the issue of contribution and indemnification in FLSA cases, courts have routinely dismissed these claims." *Neilwoldman v. AmeriColor, LLC*, No. 3:18-CV-00151, 2018 WL 4384996, at \*3 (M.D. Tenn. Sept. 13, 2018) (Campbell, J.) (footnoted citations omitted). And other courts have denied motions for leave to file a third-party complaint on the same grounds. *See, e.g.*, *Scalia*, 2019 WL 6711616, at \*2–4. These courts "have reasoned that allowing defendants to shift their liability to another entity or individual would allow employers to contract away their obligations under the FLSA—a result that would be contrary to the purpose of the statute by weakening an employer's incentive to comply with the FLSA." *Id.* at \*2.

Courts dismissing such claims, or denying motions for leave to file third-party complaints, have generally relied on the holding in *Herman v. RSR Security Services, Ltd.*, 172 F.3d 132 (2d Cir. 1999), in which the Second Circuit held, as a matter of first impression, that

> there is no right of contribution or indemnification for employers found liable under the FLSA because: (1) the FLSA's text contains no provision for contribution or indemnification; (2) the purpose of the FLSA was to benefit employees, not employers; (3) the FLSA has a comprehensive remedial scheme, courts should not engraft additional remedies; and (4) the FLSA's legislative history is silent on the right to contribution or indemnification.

*Neilwoldman*, 2018 WL 4384996, at *3 (citing *Herman*, 172 F.3d at 144).

Another court, applying *Herman*, has explained that the same principle applies, regardless of whether the claims against the third-party defendant are characterized as indemnification claims or breach of contract claims:

> In *Herman*, the Second Circuit held that there is no right to contribution or indemnification for employers found liable under the FLSA. Defendants argue, however, that the indemnification claim in this action involves a contractual obligation and is therefore distinguishable from Herman. According to defendants, their request for indemnification is "purely one for damages for breach of contract by a third party" and, unlike *Herman*, does not arise under the FLSA. . . .
>
> Defendants' attempt to characterize their claim as a request for breach of contract damages rather than an action for indemnification under the FLSA is unpersuasive. Whether or not [the third-party defendant] breached a contractual obligation, defendants' attempt to recover damages from [the third-party defendant] for overtime violations is an attempt to receive indemnification for FLSA liability. As *Herman* makes clear, "there is no right to contribution or indemnification for employers held liable under the FLSA.". . . Allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute. We therefore hold that the Company has no right to indemnification for damages assessed under the FLSA.

*Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 327–28 (S.D.N.Y. 2001) (citing and quoting *Herman*, 172 F.3d at 144). Several courts have dismissed third-party claims against payroll servicers brought by defendant employers in FLSA actions for the same reasons. *See, e.g.*, *Neilwoldman*, 2018 WL 4384996, at *4 ("Third-Party Plaintiffs have not presented the Court with any authority, nor is the Court aware of any binding precedent, to support the position that there is a right of contribution or indemnification for employers found liable under the FLSA. In addition, the Court finds *Herman*'s rationale persuasive."); *Strauss v. Italian Vill. Rest., Inc.*, No. 1:11-cv-03202, 2012 WL 5389746, at *3 (N.D. Ill. Nov. 2, 2012) ("Essentially the Italian Village is asking the Court to by-pass the statutory scheme set forth in the FLSA and shift responsibility for compliance with the FLSA from itself, the employer, to third-party consultants which it paid for services rendered. But nothing in the FLSA suggests that the Italian Village's alleged 'reasonable

reliance' on its consultants can shift compliance with the law on to them as well. Moreover, there is ample authority that holds that the FLSA precludes all such potential blame-shifting and bars third-party actions for contribution and indemnity using any tort theories.").

The court is persuaded by this raft of authority that M Street's attempt to implead ADP would be futile, because ADP is not a "a nonparty who is or may be liable to [M Street] for all or part of the claim against [M Street]." Fed. R. Civ. P. 14(a)(1). Even if that were not the case, the court also finds that permitting joinder would unduly complicate the trial of the plaintiffs' FLSA claims and confuse the jury. While the fact that M Street retained ADP might be relevant to the question of M Street's willfulness, for purposes of determining the relevant statute of limitations, how and whether ADP violated its obligations to M Street is not germane to M Street's potential liability to the plaintiffs. The request for leave to file the Third-Party Complaint against ADP, therefore, will be denied as well.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, M Street's Motion to Join ADP as a Required Party or Alternatively Be Granted Leave to Bring a Third-Party Complaint Against ADP (Doc. No. 157) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge